UNITED STATES of America, Plaintiff,

v.

Lüis PEREZ–REYES, Defendant.

No. 90 CR 358.

United States District Court,
N.D. Illinois, E.D.

Dec. 11, 1990.

Fred Foreman, U.S. Atty., Jeffrey E. Stone, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Elliot Samuels, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

A grand jury indicted defendant Luis Perez–Reyes ("Perez–Reyes") for eleven counts of illegally distributing controlled substances and two counts of mail fraud. Perez–Reyes moves to dismiss the indictment on the ground that the government presented false evidence to the grand jury. Perez–Reyes also moves *in limine* to exclude certain evidence under rule 404(b) of the Federal Rules of Evidence.

### BACKGROUND

Prior to his indictment, Perez–Reyes was a licensed physician in private practice on the northwest side of Chicago. In October 1989, Perez–Reyes was approached by Tom Shader, an undercover investigator for the Illinois Department of Professional Regulation. Shader, posing as a new patient, introduced himself to Perez–Reyes as Tom Conroy. The government alleges that on eleven separate occasions, Perez–Reyes prescribed and/or sold Shader large quantities of various painkillers and tranquilizers. The government also alleges that Perez–Reyes filed a fraudulent insurance claim with the Travelers Insurance Company, seeking $1090 in reimbursement for surgery that he falsely claimed he performed on Shader.

Perez–Reyes was indicted for eleven counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.04(a). The indictment also charges Perez–Reyes with two counts of mail fraud in connection with the alleged fraudulent insurance claim under 18 U.S.C. § 1341. Regarding all charges against Perez–Reyes, the grand jury heard testimony of James Portner, the Drug Enforcement Administration ("DEA") investigator supervising Shader's investigation of Perez. Portner presented various documents to the grand jury, including prescriptions Perez–Reyes wrote for Shader. Shader did not testify before the grand jury.

Perez–Reyes initially pled guilty to one count of drug distribution before Judge Nicholas J. Bua, who was the assigned judge. However, on October 10, 1990, Perez–Reyes moved to withdraw his guilty plea, contending that government agents had tampered with evidence before presenting it to the grand jury. Specifically, Per-

ez–Reyes claimed that on two of the prescriptions he had written for the undercover agent, it appeared that the refill line had been altered. On one prescription, the word "no" appeared to have been changed to the word "one." On the other prescription, the number "1" had been changed to the number "4" on the refill line. Judge Bua granted Perez' motion to withdraw his guilty plea. Judge Bua also recused himself and the case was assigned to this court.

In light of the allegations of altered documents, the government began an investigation of the matter. The government informed the court that agent Shader is in the process of being terminated from his employment by the Illinois Department of Professional Regulation. According to the government, agent Shader has consistently denied altering the prescription documents. The government has not yet completed its investigation. However, as a cautionary measure, the government represented to the court and to defense counsel that it does not intend to go to trial on any of the eleven counts involving drug or prescription evidence. The government intends to proceed to trial only on the two mail fraud counts.

At a status hearing on November 8, 1990, defense counsel stated that Perez–Reyes would stipulate to the factual underpinnings of the two counts involving mail fraud. However, defense counsel informed the court that he intended to present a defense of entrapment based on the alleged misconduct of Shader in connection with the filing of the fraudulent insurance claim.

Perez–Reyes now moves the court to dismiss the entire indictment, on the ground that as a result of Shader's alleged misconduct, the government presented false evidence to the grand jury. Perez–Reyes also seeks to prevent the government from using evidence of "other crimes, wrongs or acts" on cross-examination of Perez–Reyes regarding his entrapment defense.

## DISCUSSION

### I. Motion to Dismiss Indictment

■ As part of its supervisory powers, a federal court may dismiss an indictment where the function of the grand jury has been impaired by unfair or improper prosecutorial conduct. *United States v. Udziela,* 671 F.2d 995, 999 (7th Cir.), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2964, 73 L.Ed.2d 1353 (1982). Because of the constitutionally-mandated independence of the grand jury and the prosecutor, "courts generally have been *most cautious* in invalidating indictments for alleged grand jury misconduct of the prosecutor." *Id.,* quoting *Beatrice Foods Co. v. United States,* 312 F.2d 29, 39 (8th Cir.), *cert. denied,* 373 U.S. 904, 83 S.Ct. 1289, 10 L.Ed.2d 199 (1963) (emphasis in original). Perez–Reyes urges the court to dismiss the entire indictment because Shader allegedly altered some of the prescription documents presented to the grand jury. Although the government has decided not to proceed to trial on any of the charges for which prescription documents were introduced to the grand jury, Perez–Reyes argues that the entire indictment was tainted by Shader's alleged misconduct.

■ Perez–Reyes relies in large part on the principle set forth in *United States v. Basurto,* 497 F.2d 781 (9th Cir.1974). The *Basurto* court held that a defendant's constitutional right to due process was violated when the government proceeded to trial after discovering that the indictment was based, in part, on perjured testimony. *Id.* at 785. The Seventh Circuit has considered and rejected *Basurto* 's approach of categorically rejecting any indictment based partly on perjured testimony. *Udziela,* 671 F.2d at 1000. Instead, the Seventh Circuit concluded that

> where perjured testimony supporting an indictment is discovered before trial the government has the option of either voluntarily withdrawing the tainted indictment and seeking a new one ... or of appearing with defense counsel for an *in camera* inspection of the grand jury transcripts for a determination whether other, sufficient evidence exists to support the indictment. If other, sufficient evidence is present so that the grand

jury may have indicted without giving any weight to the perjured testimony, the indictment cannot be challenged on the basis of the perjury.

*Id.* at 1001. The *Udziela* decision recognized that in a proceeding before the grand jury, the prosecution need only present sufficient evidence for a finding of probable cause; it would be inefficient and improper to dismiss an indictment where the government was unaware of the perjured testimony and where the perjury constituted only a small portion of the evidence before the grand jury. *Id.* at 1000–01. Only outrageous or intentional prosecutorial misconduct warrants dismissal of an indictment. *Id.* at 1001; *United States v. Roth,* 777 F.2d 1200, 1205 (7th Cir.1985).

In the present case, the allegations of misconduct by agent Shader do not merit dismissal of the entire indictment. There is no evidence of intentional or outrageous misconduct by the prosecution. The government was unaware of the allegedly altered documents at the time the documents were presented to the grand jury. Agent Shader did not testify before the grand jury. Perez–Reyes does not contend, and the evidence does not suggest, that the DEA agent supervising Shader committed perjury when he testified to the grand jury. The only potentially false information given to the grand jury consisted of the allegedly altered prescriptions supporting counts three and five. After learning of the possibility that some of the evidence presented to the grand jury might have been altered, the government elected not to proceed against Perez–Reyes on the charges involving the allegedly altered documents. Indeed, although the documents at issue were presented to the grand jury only for counts three and five, the government decided not to pursue *any* of the eleven counts in the indictment involving illegal distribution of controlled substances.

Furthermore, the court finds that even if some of the prescription documents were altered (which has not been established),

the prosecution presented sufficient, untainted evidence to support the grand jury's finding of probable cause on the mail fraud charges. The prosecution submitted to the grand jury copies of insurance claims Perez–Reyes sent to Travelers Insurance Company for surgery that he falsely claimed he performed on agent Shader. *See* Exhibit B, attached to government's response to motion to dismiss. The grand jury was given copies of the envelope that Perez–Reyes used to mail the allegedly fraudulent insurance claim. *Id.* The prosecution also presented a copy of the check written by Travelers Insurance Company for $792 payable to Perez–Reyes in reimbursement for Perez–Reyes' claim. *Id.* DEA investigator James Portner testified to the grand jury that Perez–Reyes never performed the surgery on agent Shader. Exhibit A at 12, attached to motion to dismiss.

Perez–Reyes does not argue that the evidence concerning the mail fraud charges was altered or falsified in any way. Thus, the grand jury could have indicted Perez–Reyes for mail fraud without giving any weight to the alleged false prescription evidence.[1] Under *Udziela,* that is all that is required to uphold the indictment's mail fraud counts.

The two cases Perez–Reyes cites in support of his position involved greater prejudice to the defendant than in the present case. In *United States v. Asdrubal–Herrera,* 470 F.Supp. 939 (N.D.Ill.1979), the prosecution negligently presented false testimony that misled the grand jury into believing that the defendant, who was charged with immigration offenses, was a dealer in firearms. The court held that the false testimony biased the grand jury, depriving the defendant of his right to an "independent and informed" grand jury. *Id.* at 942. The court therefore exercised its supervisory powers and dismissed the indictment.

---

1. Indeed, the court finds it highly improbable that the grand jury would have given much weight to the amount of authorized refills for the charges involving the prescription evidence.

Even without refills, Perez–Reyes allegedly prescribed over 600 units of painkillers in a five-month period.

In *United States v. Hogan*, 712 F.2d 757 (2d Cir.1983), the defendant was convicted of conspiracy to possess with intent to distribute heroin. The prosecution presented extensive hearsay and double hearsay to the grand jury regarding the defendant's involvement in two unrelated murders, and his corrupt activities as a policeman. When a grand juror inquired why the government was prosecuting the defendant if the drug deal had fallen through, the prosecutor called the defendant a "real hoodlum," who should be indicted "as a matter of equity." *Id.* at 760. Based on the "flagrant and unconscionable" misconduct of the prosecution, the court dismissed the indictment. *Id.* at 762 (footnote omitted).

In both the foregoing cases, the misleading evidence presented to the jury resulted in clear prejudice to the defendant. No actual prejudice occurred with respect to the mail fraud charges against Perez–Reyes, for the grand jury had sufficient untainted evidence to indict him for mail fraud. Furthermore, the Seventh Circuit has cast doubt on the validity of *Hogan* and *Asdrubal* to the extent these decisions conflict with the principles established in *Udziela*. *See Roth*, 777 F.2d at 1204–05. Because Perez–Reyes has not met the standard set forth in *Udziela*, dismissal is not proper.

The court's decision is consistent with the Sixth Circuit's holding in a case factually similar to the present one, *United States v. Adamo*, 742 F.2d 927 (6th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 971, 83 L.Ed.2d 975 (1985). In *Adamo*, the prosecutor discovered, prior to trial, that a ledger book presented to the grand jury contained two fraudulent entries. The defendant argued that presentation of the ledger to the grand jury amounted to the knowing use of perjured testimony and moved to dismiss the indictment. After the district court denied the motion to dismiss, the prosecutor chose to go to trial but to refrain from using any part of the ledger in presenting the government's case. *Id.* at 941. The Sixth Circuit, rejecting the *Basurto* approach, held that in order to warrant dismissal, a defendant must suffer actual prejudice from the government's use of altered or fraudulent evidence in obtaining an indictment. *Id.* Because sufficient untainted evidence supported the indictment and because the ledger was not used at trial to secure the defendant's conviction, there was no prejudice, no prosecutorial misconduct, and no lack of due process. *Id.* at 941–42.

In the present case, the government has agreed not to use the allegedly altered evidence at trial. Indeed, the government has decided not to go to trial on any of the counts involving drug prescriptions. No prejudice will result from the presentation of the allegedly altered evidence to the grand jury. Pursuant to *Udziela* and *Adamo*, the court shall not dismiss the indictment.

## II.   Motion to Exclude Evidence

It is undisputed that during 1989–90, Perez–Reyes prescribed certain drugs to undercover agent Shader on October 4, November 16, December 4, December 8, January 4 and 26, February 27 and 28, March 7 and April 3 and 12. These prescriptions form the basis of the first eleven counts of the indictment, which the government has decided not to pursue. The government intends to proceed to trial only on the two mail fraud counts. With respect to these two counts, Perez–Reyes does not deny that he mailed the false insurance claims. Instead, Perez–Reyes asserts that undercover agent Shader impermissibly persuaded Perez–Reyes to commit mail fraud even though Perez–Reyes lacked the predisposition to commit the offense. *See United States v. Franco*, 909 F.2d 1042, 1044 (7th Cir.1990) (entrapment defense requires showing that government induced defendant to commit a crime defendant was not predisposed to commit). In order to address the entrapment defense, the government intends to cross-examine Perez–Reyes about his relationship with agent Shader, including the indictment of Perez–Reyes for illegally prescribing painkillers to agent Shader. Perez–Reyes seeks to preclude the government's use of this evi-

dence under rule 404(b) of the Federal Rules of Evidence.

■ Rule 404(b) generally bars evidence of a defendant's prior bad acts to prove that the defendant likely committed the act at issue. *United States v. Sophie*, 900 F.2d 1064, 1074 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 124, 112 L.Ed.2d 92 (1990). The rule provides, however, that evidence of prior bad acts may be admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Under the Seventh Circuit's four-part test, evidence of prior bad acts may be admitted where:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. McAnderson*, 914 F.2d 934, 945 (7th Cir.1990). The government contends that Perez–Reyes' acts of prescribing medicine to Shader do not constitute "other act" evidence and therefore are not subject to rule 404(b)'s four-part test. The court agrees. Perez–Reyes' alleged distribution of prescription drugs to Shader may be probative evidence of the tone for their entire relationship. In order to show that he was entrapped by Shader, Perez–Reyes will have to testify about the circumstances surrounding their relationship. Much of the relationship between Shader and Perez–Reyes is premised on the prescriptions that Perez–Reyes allegedly issued for Shader on numerous occasions

before and after the alleged mail fraud scheme. These acts are "intricately related" to Perez–Reyes' defense of entrapment, in that they occurred during the relevant time period of Shader's acquaintance with Perez–Reyes, and tend to rebut any claim that Perez–Reyes was impermissibly induced by Shader to commit the mail fraud. *See United States v. Parkin*, 917 F.2d 313, 317 (7th Cir.1990); *Sophie*, 900 F.2d at 1074. As such, the prescriptions are not evidence of prior bad acts within the meaning of rule 404(b), and the court need not determine whether the four-part test has been met. *Parkin*, 917 F.2d at 317 (statement made during transaction at issue was "intricately related" to facts of case and thus statement was not a prior bad act within the meaning of rule 404(b)).[2]

■ The court also finds that the probative value of the evidence concerning Perez–Reyes' prescribing medicine to Shader outweighs the danger of undue prejudice under Fed.R.Evid. 403.[3] The evidence is admissible only to rebut the defense of entrapment and not to characterize Perez–Reyes as a "bad man." As the Seventh Circuit found in a case similar to the present one:

> Any danger that the jury would convict [the defendant] simply because he had been shown to be a "bad man" was, we think, outweighed by the necessity of permitting the government to rebut the issues [of entrapment and coercion that the defendant] himself raised.... [The defendant] himself "opened the door" to precisely the sort of character evidence that was introduced. After [he] opened that door, the court was not required to shut it in the government's face.

*United States v. Murzyn*, 631 F.2d 525, 531 (7th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). The government may cross-examine Perez–

---

**2.** Contrary to Perez–Reyes' assertion, the government has not taken patently inconsistent positions on the two pending motions. The prescription evidence is sufficiently independent for the purpose of determining whether untainted evidence supported the mail fraud *charges*. On the other hand, the same prescrip-

tion evidence is highly relevant and indeed intricately related to Perez–Reyes' *defense* of entrapment.

**3.** The danger of undue prejudice is particularly remote in this case because the parties have agreed to a bench trial.

Reyes as to the nature of his relationship with Shader, including his alleged acts of prescribing drugs to Shader.

## CONCLUSION

Perez–Reyes' motion to dismiss the indictment is denied. Perez–Reyes' motion to exclude evidence that he prescribed medicine for agent Shader is denied.